```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-80639-Civ-HURLEY
                                     (06-80153-Cr-HURLEY)
                              MAGISTRATE JUDGE P. A. WHITE
JAMES ROMAN,                  :

      Movant,                 :

v.                            :     REPORT OF MAGISTRATE
                                    JUDGE RECOMMENDING
UNITED STATES OF AMERICA,     :     THAT MOTION BE GRANTED

      Respondent.             :
_____
```

This matter is before the Court on the movant, James Roman's motion to vacate, attacking the constitutionality of his convictions and sentences for possession with intent to distribute at least five grams of crack cocaine and possession of a firearm in furtherance of a drug trafficking crime, entered following a guilty plea in case no. 06-80153-Cr-Hurley.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

This Court has reviewed the motion (Cv-DE#1), the government's response (Cv-DE#11) to this court's order to show cause, the movant's reply (Cv-DE#15), the PSI, and the underlying criminal file.

The movant raises the following claims:

    1.    He was denied effective assistance of counsel, where his lawyer failed to file a requested direct appeal. (Cv-DE#1:4).

    2.    He was denied effective assistance of counsel, where his lawyer failed to object to the probation officer's finding that the movant qualified for an enhanced sentence as a career offender. (Cv-DE#1:4).

In its response, the government concedes that the movant was improperly sentenced as a career offender, and is thus entitled to §2255 relief. (Cv-DE#11:1,5). In so recommending, the government has also agreed to waive the statute of limitations bar as it relates to the claim, finding the movant has met both the deficiency and prejudice prongs under Strickland v. Washington, 466 U.S. 668 (1984) arising from counsel's failure to object at sentencing to the probation officer's recommendation that the movant qualified for an enhanced sentence as a career offender. (Id.). Consequently, as correctly conceded by the government, the movant's sentences should be vacated, a corrected PSI prepared, and a new sentencing hearing had.

Regarding his claim that counsel failed to prosecute an out of time appeal, the movant claims he was affirmatively deceived by counsel. (Cv-DE#7). According to the movant, he was in contact with counsel, who was supposed to apprise him of the status of the appeal, but eventually stopped returning movant's calls. It was not until May 2010, when movant's friend contacted the Eleventh Circuit, that the movant first learned no appeal had been filed. (Id.). Because the movant is entitled to vacatur of his judgment, and a resentencing proceeding, his claim that counsel was ineffective for failing to prosecute a requested direct appeal should be denied as moot. See Ferreira v. Secretary, Dept. of Corrections, 484 F.3d 1286 (11th Cir. 2007)(holding that AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because the judgment is based on the conviction and the sentence.); accord, Stevens v. Secretary,

Dept. of Corrections, 2007 WL 4557190 (M.D. Fla. 2007). Once the resentencing is had, and a new judgment entered, the movant may then prosecute a direct appeal if he so desires. In fact, in his traverse, the movant agreed to waive this issue. (Cv-DE#14:3).

It is therefore recommended that: (1) this motion to vacate be granted solely as to claim two above; (2) the criminal judgment be vacated, a corrected PSI prepared, and a resentencing hearing had; and, (3) the remaining claim be denied as moot, and alternatively dismissed based on the movant's waiver.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 11th date of January, 2011.

_____
UNITED STATES DISTRICT JUDGE

cc: James Roman, Pro Se
Reg. No. 75788-004
F.C.C. - Coleman (Low)
P.O. Box 1031
Coleman, FL 33521-1031

Kimberly Abel, AUSA
U.S. Attorney's Office
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401